134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Marvin Earl McCOY, Defendant/Appellant.
 No. 96-30099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1997.**
Decided Jan. 14, 1998.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 The district court properly denied Marvin Earl McCoy's motion for reconsideration and/or amendment of the court's earlier order denying his motion for a new trial. McCoy claims that after his trial proceedings, he discovered new evidence that the government had violated his rights under Brady by concealing records of payments to the informant who testified against McCoy, evidence of corruption within the task force conducting his investigation, and evidence of improper and unauthorized storage of narcotics and other evidence.
 
 
 4
 Denial of a new trial based on a Brady violation is reviewed de novo. United States v. Steinberg, 99 F.3d 1486, 1489 (9th Cir.1996). The prosecution in a criminal case must disclose to the defendant "evidence which is both favorable to the accused and 'material to either guilt or to punishment.' " United States v. Bagley, 473 U.S. 667, 674 (1985) (quoting Brady v. Maryland, 373 83, 87 (1963)). Impeachment evidence, as well as exculpatory evidence, falls within the Brady rule. See id. at 676. However, a new trial is not automatically required whenever "a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict." Id. at 677 (internal quotation marks and citation omitted). Rather, constitutional error requiring a new trial occurs only if the evidence withheld is material. See id. at 678.
 
 
 5
 The government did not violate its obligations under Brady. The government provided McCoy with ample impeachment material regarding Tredwell, the informant who testified against McCoy. The assistant United States Attorney prosecuting McCoy provided McCoy with much background information on Tredwell, including, inter alia, his work history as an informant, his basic compensation as an informant for the strike force, how he became an informant, and the cases in which he had previously testified. In a letter dated September 28, 1992, the government provided Defendant detailed information about the total payments made to Tredwell, including the salary, the per-transaction fees, the vehicle expenses, the nightclub money, the relocation payments, and the post-investigative support payments Tredwell had received. The government also made Tredwell available to defense counsel for a pretrial interview during which counsel had the opportunity to ask Tredwell questions. Furthermore, McCoy's counsel was very effective at trial in developing the issues of Tredwell's compensation, past criminal acts, and other matters which cast doubt on Tredwell's credibility. Both McCoy's counsel and the trial judge explicitly cautioned the jury with respect to Tredwell's credibility as a witness.
 
 
 6
 We also agree with the district court's finding that evidence of isolated misconduct by Trooper Lynn and Sergeant Gourley, two members of the task force that conducted McCoy's investigation, was not material. Therefore, the government's failure to disclose evidence thereof was not a Brady violation. Neither Lynn nor Gourley was actively involved in the Tredwell investigation, had direct contact with Tredwell during the investigation, or testified in McCoy's trial. When the misconduct of these team members was discovered, Lynn resigned, and Gourley was discharged. Evidence about the Lynn/Gourley misconduct would not have affected the jury's determination of Tredwell's credibility nor that of other government witnesses, and was therefore not material for Brady purposes.
 
 
 7
 Neither were McCoy's rights under Brady violated by the government's failure to disclose information about other isolated instances of misconduct that occurred within the task force conducting McCoy's investigation. Although there is evidence that some task force investigators inappropriately used blank informant payment vouchers and also improperly stored narcotics and other evidence, none of the allegations of wrongdoing in the task force involved officers who participated in the Tredwell investigation which led to McCoy's conviction. There is no evidence that agents ever had Tredwell sign any blank vouchers, or that evidence used against McCoy was improperly stored.
 
 
 8
 Suppressed evidence must be considered collectively, as opposed to item-by-item. See Kyles v. Whitely, 514 U.S. 419, 436 (1995). Viewing the undisclosed evidence collectively, we conclude that no Brady violation occurred during McCoy's prosecution. There is not a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different ... a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.
 
 
 9
 The district court's denial of McCoy's motion for an evidentiary hearing regarding his Brady claim was also proper. The decision whether to hold an evidentiary hearing under Fed.R.Crim.P. 33 is within the discretion of the trial court. See United States v. Nace, 561 F.2d 763, 772 (9th Cir.1977). The district court's decision regarding whether to conduct an evidentiary hearing is reviewed by this Court for an abuse of discretion. See United States v. Ortland, 109 F.3d 529, 543 (9th Cir.), cert. denied, 118 S.Ct. 141 (1997).
 
 
 10
 Defendant's motion for new trial raised many issues and included numerous exhibits. The government's response to Defendant's allegations included sworn affidavits from the four agents who were involved in the investigation. Though disputing some of the statements in the affidavits, McCoy never submitted any affidavits, declarations, or other evidence to support either his underlying claims or his request for an evidentiary hearing, despite the district judge's clear frustration at McCoy's failure. to do so. The district court found that the issues raised in McCoy's motion were "exhaustively briefed by the parties" and could be considered without a full evidentiary hearing. The court further held that McCoy had "failed to raise genuine issues of material fact requiring an evidentiary hearing."
 
 
 11
 We find that the district court did not abuse its discretion in denying Defendant's request for an evidentiary hearing. An evidentiary hearing is not required "where there [is] nothing to be gained by such a hearing." United States v. Scott, 521 F.2d 1188, 1196 (9th Cir.1975), cert. denied, 424 U.S. 955 (1976). The district court's conclusion that an evidentiary hearing was not necessary to determine the issues before it was entirely reasonable and within the province of its discretion. See, e.g, United States v. Colacurcio, 499 F.2d 1401, 1406 n. 7 (9th Cir.1974) (new trial motions "are ordinarily decided solely upon affidavits"); United States v. Slocum, 708 F.2d 587, 600 (11th Cir.1983) (where the defendants failed to even file an affidavit by the one person whose information came closest to requiring a new trial, the district court "did not abuse its discretion in denying the motion without an evidentiary hearing").
 
 
 12
 Based on the foregoing, we affirm the district court's denial of Defendant's motion for a new trial because all of the evidence that McCoy claims the government withheld in violation of Brady was either given to him before trial, introduced as evidence during trial and subjected to direct and cross-examination, or not "material" for Brady purposes.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3